Laubie, J.
This case is an error proceeding from the common pleas ' court of this county.
The original action was brought by the plaintiff in error against the defendants, for the purpose of determining whether the plaintiff or the defendants are the owners of, or rather entitled to, the fund of $13,200, condemnation money arising in a proceeding for the appropriation of property in this county.
That was a proceeding commenced by the Cleveland & Ma-honing Valley Railway Co., against the parties to this case, *240 plaintiff in error and defendants in error, for the purpose of appropriating property for the railroad track.
The condemnation money being claimed by each of the parties, was certified to and deposited in the common pleas court under the statute; and thereupon this plaintiff in error filed its petition in the court of common pleas to settle and determine the question.
■'The plaintiff in error claimed to be the owner of the lands appropriated, and therefore entitled to this fund. And the same claim was made upon the part of the defendant in error.
The property, appropriated was the canal-bed, tow-path and berme-bank of what wa| known as the Ohio & Pennsylvania Canal, and this the plaintiffs in error claimed to own by virtue of the fact of the ouster on the part of the supreme court ' of this State of the right of the Ohio & Pennsylvania Canal Co. to, and its privilege in maintaining this canal, and its right to be" a corporation of the State; the appointment by that court of trustees under the statute, to take possession of the property of the dissolved corporation, to sell it and wind up its affairs; and the fact that these trustees did sell at public sale these lands, canal bed, tow-path, berme bank and appurtenant land of the Canal Company to the Cleveland & Mahoning Valley Railway Co., which company bought it for the purpose of constructing its road, through the counties of Trumbull and Mahoning, to the State line ; that subsequently, or before the railroad was constructed over these lands, that company leased its line of road and con-, veyed its rights in these lands tg the Atlantic & Great Western Railway Co. and that the N. Y., P. & O. R. R. Co., the plain-tiff in error, is the successor of the Atlantic & Great Westera. Railway Co., and that it claimed by virtue of the proceedings here set out, to have been the owner of these lands and entitled-to this fund.
On the other hand, the defendant- claims that by virtue of the decree of ouster by the supreme court, there was a forfeiture of the right to maintain this canal, a forfeiture of the easement of the canal company, and that the land reverted to them as the devisees of the original owner of the title, freed from the encumbrance and burden of easement.
*241 It appears that at the time of the construction of the canal over .these lands, the ancestor of these defendants owned the title; that there is no record of any conveyance by him to the Canal Company, nor is there any record of any appropriation of the lands by the Canal Company, and so far as it is known in the case, the Canal Company took possession of the land by the tacit assent" of the owner of the fee, and constructed its line of the canal across the lands, and thereafter kept possession and maintained its line of canal over and across the lands, the same as if it had acquired that right by appropriation proceedings. ,
It will thus be seen that the question to be determined between these parties is, what force and effect shall the decree of the supreme court have in determining the question of the right to maintain this easement after that decree.
It is said on the part of the plaintiff in error, that this easement was a perpetual one in the Ohio & Pennsylvania Canal Co., and belongs to it as the successor of the Ohio & Pennsylvania Canal Co., and equals for the purposes of easement, the fee, or has the same effect, for the disposition of this case, as if they had taken a fee; and they say that this easement could be lost by the Canal Company only in one of two ways: either by release of the easement, or an abandonment of it, and that it could not be lost or taken away from the Canal Company by this decree of forfeiture.
Conceding for the moment that this is true that it could be lost only by release or abandonment, it would bring us to the question of whether or not there was an abandonment of the right-of-way or easement of -the Ohio & Pennsylvania Canal Company. t ‘ *
Now, abandonment is a forfeiture of the right to property ; or it arises from the non-use of the right with reference to the property. And the effect of the decree of the supreme court was to declare that the Ohio & Pennsylvania Canal Co. had abandoned its line; and for that reason declared a forfeiture. The special charter of the Ohio & Pennsylvania Canal Co. provided, that in case in the space or period of one year at any one time the Canal Co. should neglect to keep its line of canal in repair, it should be deemed an act of forfeiture, and upon *242 that provision of its charter, it was that the supreme court declared an ouster and forfeiture.
That case in the supreme court was commenced in March, 1869, and it found as a fact, that the Canal Company had for more than one year prior to the commencement of that proceeding neglected- to keep its line of canal in repair as required by the charter, and that the state having demanded the forfeiture under and by virtue of this provision of the charter, the court was compelled to decree the forfeiture or dissolution of the corporation, so that the decree itself of forfeiture was based squarely upon the negligence of the Canal Company in keeping its line of canal in repair.
In other words, that the Canal Company, substantially, had abandoned its line of canal. That is, the legislature had fixed in the charter what would be deemed an abandonment, the neglect to keep in repair for the space of twelve months at one time, and that was carried into the decree and declared to be a forfeiture by the provisions of the charter. So that, even looking at it as claimed by the plaintiff, that this easement might be lost by the Canal Company only by release or abandonment, this act or provision of the legislature, or provision of its charter I should say, was a declaring in effect what should constitute an abandonment by the company. But, aside from that proposition, and whether it be true or not, -there is another one about which there can be, we think, no dispute.
The decree was a decree of forfeiture of the rights, powers, privileges and franchises of the Ohio' & Pennsylvania Canal Companju
Now, among these rights are two very prominent ones. First, the right to be a corporation. Secondly, the right to operate and maintain a line'of canal. These are two of the leading rights and privileges of this corporation, one of which it could sell, and the other it could not sell. It could not sell or dispose of its right to be a corporation, nor could that be done by legislative enactment or judicial sale in this state, for the reason that it would be in contravention of a provision of the constitution, which provides for the individual liability of the stockholders; and if, even by legislative enactment, *243 this right to be a corporation in the state of Ohio should be sold, or transferred, it could not in that act create a new corporation, whose stockholders were not and could not be made liable under the statute on their individual account as provided in the constitution, as stockholders of private corporations are liable.
And the supreme court of the state has so settled and fixed that for us, so that so far as the right to be a corporation is concerned, it could not sell or dispose of that.
Now, the other, the right to operate and maintain a line of canal, the company might sell or dispose of. And individuals, private individuals, might perform the act; that is, they might, as a business, operate and maintain a line of canal, and it is not necessary for that purpose that they should be incorporated.
And it has been held, that in this state this right to operate and maintain a line of communication like this may be sold and transferred.to private individuals.
Now, what is this right to operate and maintain a line of canal? It is a right acquired under its charter through the powers of eminent domain, to the right-of-way or the easement of the company. They are substantially synonymous terms. A conveyance of the line of right-of-way conveys to the purchaser a right to operate and maintain the canal. A conveyance of the line of easement does the same. And one term embraces as a description all which may be considered and held to be within the purview of the right-of-way or eSement for the canal.
It is the right to operate and maintain a canal across the lands of others in the state of Ohio.
Now, it is provided in the statute in regard to dissolved corporations, that its property shall vest in trustees to be appointed, as WcS done in the quo warranto case; and the title to real estate belonging to the company it is provided shall vest in the trustees, and shall be disposed of by these trustees for the purpose of paying the debts and winding up the affairs of the company, and that they shall convey a good and sufficient title to those lands.
*244 Now, let us reflect a moment and see what would pass to the trustees. The Canal Company was entitled to purchase lands in fee by virtue of their charter; and they were entitled to condemn lands by appropriation proceedings by virtue of the power of eminent domain, vested in them by the sovereign power of the state.
These lands in question were not purchased in fee. They are to be regarded as lands taken under appropriation; so that we are relieved of the question to that extent. If there was any title in a fee vested in the Canal Company, as to all such lands belonging, as the statute says, to the company, undoubtedly the title, upon its dissolution, passed to the trustees.
And what title’ could pass to the trustees of the right to operate and maintain a line of canal through this state ?
The forfeiture declared, is a forfeiture of the rights, powers, privileges and franchises of the corporation. It is therefore a forfeiture of the right to be a corporation, and not the less is it a forfeiture of the right to operate and maintain a line of canal. Now, that latter right, being nothing b'ut the right to hold an easement in the lands of others, being forfeited at the very moment of the declaration of the dissolution of the corporation by reason of the forfeiture, it ceased to be the owner of the right to operate and maintain a line of canal through this state.
It was not, then, at the time of dissolution, as claimed by the plaintiff in error, the owner of these easements over the lands of others; it was not the owner of aright to operate and maintain a line of canal; it therefore had no property of that character which it could transfer, and which could be transferred to the trustees, and consequently the trustees acquired no such property which they could sell. In other words, they could sell no greater right or title than they took, and if they took none, they had none to convey, although they may have attempted to convey it.
Now, when the right to the use is taken away, the use itself ceases and falls with it.
It would be a farce, a judicial and legislative farce, if for reasons like these, the supreme court of the state should declare a forfeiture of the rights, powers, privileges and fran *245 chises of the corporation, dissolve that corporation, declare that it had no longer corporate life and existence, and declare that it could no longer have a corporate right to operate and maintain a line of canal through this state, and yet, at the same time, by the decree, transfer that right to trustees to be sold, and those rights immediately sold perchance to the same individuals composing the old corporation, they to hold'it then forever, in perpetuity, freed from any liability of any further forfeiture.
It would be a farce to say that the Ohio &. Pennsylvania Canal Co. is not vested of these rights any longer; that it had forfeited.them, and yet at the same time, say that they might sell or dispose of them to others, and those others, as I have said, might be the very parties who constituted and composed the Ohio & Pennsylvania Canal Co., and that these private individuals, acquiring that right, might maintain it forever.
Now, this question was undoubtedly in the mind of the supreme court when it dissolved this corporation.
This case is reported in the 28 Ohio St., page 121. In delivering the opinion of the court, Mcllvaine, Judge, refers to the claim made upon the part of the corporation that it.would work great injury to the people of the state that such a line, a great line of canal like this, should be forfeited and closed. And it is commented upon by the court as unfortunate that it should be lost to the.public, and regret is expressed that the state had not adopted measures to secure permanently to the public the advantages of this public work.
Looking squarely to the fact that the forfeiture declared by the court and the decree of ouster, forever closed that canal as a canal. That the right to operate and maintain it had ceased.
Now, it is oply by virtue of the provisions of the statute that any such transfer to the trustees, or the keeping alive on any such right, could be claimed to exist.
By the provisions of the common law, upon the dissolution of the corporation by forfeiture, it would lose such property ; it would be forfeited forever ; no one would claim for an instant that by the-provisions of the common law as.to for *246 feiture, this right to operate and maintain this line of canal could pass to anybody.
L. A. Pursell (of Cleveland), for plaintiff in error.
A. W. Jones (of Youngstown), for defendant in error.
It is only, therefore, by virtue of the statute of the state that these rights may be saved.
The statute, as I have said, provides that the title to the real estate belonging to the corporation shall pass to the trustees ; that they shall convey good and sufficient titles. But it looks solely to that which the corporation owns in fee. It no moie looks to the mere easement, to the right of way to operate and maintain its line, than it looks to the conveyance of the right to be a corporation.
There is, in our opinion, no right shown here on the part of the plaintiff in error to any portion of this fund. It belongs to the defendant, as heirs and devisees of Rayen, the original owner of the fee, who take the lands freed of the easement, and the judgment is affirmed.